IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


HELENA AGRI-ENTERPRISES, LLC
f/k/a HELENA CHEMICAL COMPANY                                    PLAINTIFF


v.                              Case No. 6:24-cv-06018


ELLINGTON ENTERPRISES, INC.;
JEROME FARMS PARTNERSHIP;
KIM R. ELLINGTON; and
SHARON ELLINGTON                                    DEFENDANTS

## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed by Plaintiff Helena Agri-Enterprises, LLC f/k/a Helena Chemical Company ("Plaintiff").  (ECF No. 20).  Defendants Ellington Enterprises, Inc. ("Defendant Enterprises"), Jerome Farms Partnership ("Defendant Jerome Farms"), Kim R. Ellington ("Defendant Kim"), and Sharon Ellington ("Defendant Sharon") (together, "Defendants") have responded.  (ECF No. 23).  Plaintiff replied.  (ECF No. 25).  The Court finds the matter ripe for consideration.

## I.  BACKGROUND

This is a breach of contract action that arises from an unpaid balance from two separate open credit accounts that Defendants retained with Plaintiff.  One account is retained by Defendant Enterprises and the other account is retained by Defendant Jerome Farms.[1]  Defendant Kim and Defendant Sharon are general partners for both accounts.  On February 22, 2024, Plaintiff filed the instant action seeking compensation for unpaid open credit balances.  Defendants admit that they

---

[1]The Court notes that Defendant Enterprises and Defendant Jerome Farms are separate farms in different locations. (ECF No. 20-8, at 2).

owe certain amounts to Plaintiff.  However, Defendants dispute that any additional sum is owed over those amounts.

On March 10, 2022, Defendant Kim and Defendant Sharon applied for a commercial credit account with Defendant on behalf of Defendant Enterprises.[2]  (ECF No. 22, at 1).  Plaintiff approved the application and extended credit to Defendant Enterprises pursuant to the terms of a Credit Sales and Services Agreement ("Credit Agreement").  (ECF No. 22, at 1).  The same day, Defendant Kim and Defendant Sharon applied for a second commercial credit account with Plaintiff on behalf of Defendant Jerome Farms.  (ECF No. 22, at 2).  Plaintiff approved this application as well.  (ECF No. 22, at 2).  During the 2022 and 2023 growing seasons both Defendant Enterprises and Defendant Jerome Farms purchased agricultural products from Plaintiff pursuant to the Credit Agreement.  (ECF No. 22, at 2).

Pursuant to Plaintiff's open account policy, a delivery ticket and/or shipping order was generated each time a purchase was made, and a copy was provided to the customer at the time of delivery or shortly thereafter.  (ECF No. 22, at 3).  Plaintiff later sent out a monthly statement that reflected all invoices and other charges that had been made.  (ECF No. 22, at 3).  Defendants were provided copies of all invoices, delivery tickets and/or shipping orders, and monthly statements for purchases that they made under open account.  (ECF No. 22, at 3).  Defendants at no point reached out to Plaintiff to express concerns that the products that they had purchased had not been delivered or received.  (ECF No. 22, at 4).  Defendants also failed to raise concerns to Plaintiff that they were being charged for goods that they did not purchase.  (ECF No. 22, at 4).

On February 22, 2024, Plaintiff filed its Complaint bringing two claims for breach of contract against Defendants.  (ECF No. 2).  On January 21, 2025, Plaintiff filed the instant Motion

---

[2]The Court also notes that Defendants' Statement of Disputed Material Facts is barren of any citation to the record as they are required to do by Federal Rule of Civil Procedure 56(c).

for Summary Judgment.  (ECF No. 20).  Plaintiff notes that there is no dispute that Defendants have defaulted on the open accounts of Defendant Enterprises or Defendant Jerome Farms and that Defendants have admitted as much. (ECF No. 20, at 4).  Plaintiff also notes that Defendants have admitted that they owe $401,940.00 and $136,454.68 respectively on their open accounts with Plaintiff.  (ECF No. 20, at 4).  However, Plaintiff argues that it is also entitled to additional sums owed on the open credit accounts of Defendant Enterprises and Defendant Jerome Farms.  (ECF No. 20, at 5).

## II.   STANDARD OF REVIEW

The standard for summary judgment is well established.  When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995).  This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A fact is material only when its resolution affects the outcome of the case.  *Id*. at 248.  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  *Id*. at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir.

1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 256. "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving part's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin*, 483 F.3d 516, 526-27 (8th Cir. 2007).

### III. DISCUSSION

In the instant motion, Plaintiff requests that the Court rule as a matter of law: (1) that Defendant Enterprises has breached its contract and owes a pre-adjusted principal amount of $533,465.97 and accrued finance charges of $153,871.41 for a total of $687,337.38 on its open credit account; and (2) that Defendant Jerome Farms has breached its contract and owes a pre-adjusted principal amount of $176,898.71 and accrued finance charges of $51,751.70 for a total of $228,650.41 on its open credit account.[3]

A valid and enforceable contract requires: (1) competent parties; (2) subject matter; (3) legal consideration; (4) mutual agreement; and (5) mutual obligation. *See Bank of the Ozarks, Inc. v. Walker*, 2016 Ark. 116, 2, 487 S.W.3d 808, 810. A valid breach-of-contract claim under Arkansas law requires: (1) the existence of a valid and enforceable contract; (2) an obligation on the part of the defendant, (3) a breach of that obligation; and (4) damages resulting from the breach. *See Rabalais v. Barnett*, 284 Ark. 527, 528-29, 683 S.W.2d 919, 921 (1985).

---

[3]The Court notes that Plaintiff agreed with Defendant—for the purposes of the instant motion—that $14,299.18 should be deducted from the balance owed from Defendant Jerome Farms and added to Defendant Enterprises. (ECF No. 22, at 4). Further, Plaintiff agreed that $1,422.21 should be deducted from the balance of Defendant Enterprises and added to Defendant Jerome Farms. The Court is unsure if these changes have already been factored in for the provided sums. For the sake of simplicity, the Court will stick to the originally provided numbers. However, should a clash arise between the Court's numbers and the parties' numbers, the parties should confer and reach an agreement as to the proper amounts owed pursuant to the Court's ruling.

### A. Undisputed Sum

In the instant motion, Plaintiff notes that Defendant Kim and Defendant Sharon have agreed that Defendants were in breach under the terms of the Credit Agreements. (ECF No. 21, at 6). Plaintiff also notes that Defendant Kim and Defendant Sharon have agreed that Defendant Enterprises owes $401,940.00 and Defendant Jerome Farms owes $136,454.68 on their open credit accounts with Plaintiff. (ECF No. 21, at 6). In response, Defendants acknowledge that they owe $401,940.00 and $136,454.68 respectively on their open credit accounts. (ECF No. 23, at 2; ECF No. 24, at 2).

There is no dispute that Defendants have breached their contract—the Credit Agreement—with Plaintiff. (ECF No. 23, at 2). Defendants have freely admitted that Defendant Enterprises owes $401,940.00 to Plaintiff and that Defendant Jerome Farms owes $136,454.68 to Plaintiff. (ECF No. 23, at 2). Thus, the Court finds that there is no genuine dispute of material fact on this issue and that judgement as a matter of law is appropriate in finding that Plaintiff is entitled to $401,940.00 from Defendant Enterprises and $136,454.68 from Defendant Jerome Farms.

### B. Additional Sum

While Defendants admit that they owe a total of $538,394.68 to Plaintiff, they dispute that they owe any additional sums to Plaintiff. The Court must now determine if there is a genuine dispute of material fact on the additional sum.

Plaintiff contends that the sole basis that Defendants rely on to create a dispute of material fact is that the delivery tickets were not signed by Defendants. (ECF No. 21, at 6). Plaintiff notes that Defendants cannot point to a specific instance where they were charged for products that they did not receive. (ECF No. 21, at 7). Plaintiff also notes that Defendant Kim has admitted with respect to each disputed product order, that he could not say whether the product had been

delivered or not.  (ECF No. 21, at 7).  Plaintiff argues that Defendants self-serving testimony should not create a genuine issue of material fact.  (ECF No. 21, at 7).  Plaintiff also argues that the evidence Defendants have presented is insufficient to meet the level of evidence that Plaintiff has presented.  (ECF No. 21, at 8).

In response, Defendants state that it was their shared business practice for all employees to sign the delivery ticket acknowledging receipt of any products they received.  (ECF No. 23, at 1-2).  Defendants argue that Plaintiff has failed to present the signed delivery tickets showing receipt of the products at issue.  (ECF No. 23, at 4).  Defendants also argue that without the signed delivery tickets Plaintiff has no proof that the products were delivered.  (ECF No. 23, at 3).  Defendants note that it was Plaintiff's business to generate a delivery ticket and to provide a copy of it to the customers at the time of delivery and argue that combined with Defendants' business practice of signing the delivery tickets, there is a genuine dispute of material fact concerning whether the products were received.  (ECF No. 23, at 4).

In reply, Plaintiff argues that Defendants have failed to properly support their response.  (ECF No. 25, at 2).  Plaintiff also argues that it has presented evidence that the products were sold and delivered to Defendants.  (ECF No. 25, at 3).  Plaintiff notes that it has presented documentation for all invoices, delivery tickets, shipping orders, and monthly statements for all transactions on Defendants' accounts.  (ECF No. 25, at 3).  Further, Plaintiff argues that Defendants are required to do more than assert bare allegations and that they have failed to meet proof with proof.  (ECF No. 25, at 4).

Plaintiff is asking the Court to make certain legal determinations based solely on facts.  However, though tenuous, facts are in dispute.  The additional sums requested by Plaintiff require Defendants to have ordered and received the products.  Defendants have admitted that they are

unsure whether they received the products but state that it is their normal business practice to sign delivery tickets when a product is received, and no signature was present on the delivery tickets for the disputed sum. (ECF No. 20-8, at 6). Documents presented by Plaintiff confirm that several delivery tickets lacked signatures from Defendants. (ECF No. 20-10). Though Plaintiff has provided additional evidence to rebuff Defendants' claim—that they may or may not have received the disputed products—Plaintiff is in essence asking the Court to weigh the evidence and make a factual determination on whether Plaintiff's or Defendants' evidence is stronger. This is inappropriate at the summary judgment stage. Thus, when viewing the record in the light most favorable to the nonmoving party, the Court finds that Plaintiff has failed to show material facts are not in dispute for the additional sum.

## IV.   CONCLUSION

For the above-stated reasons, the Court finds that Plaintiff's Motion for Summary Judgment (ECF No. 20) should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is owed $401,940.00 from Defendant Enterprises and $136,454.68 from Defendant Jerome Farms as a matter of law, thus, summary judgment is hereby **GRANTED** on the undisputed sum. However, a genuine dispute of material fact exists surrounding the remaining sum, thus, summary judgment is hereby **DENIED** on the additional sum.

**IT IS SO ORDERED**, this 9th day of April, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge